UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAIFUSIN CHIU,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CONSUMES RIVER COLLEGE et. al.,<br><br>　　　　Defendants. | No. 2:23-cv-00096-TLN-CKD PS<br><br>ORDER GRANTING IFP REQUEST AND FINDINGS AND RECOMMENDATIONS TO DISMISS |

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry.  Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).  Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

**Legal Standards**

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

  **i. Subject Matter Jurisdiction and Frivolity**

The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Rule 12(h)(3).[2] A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). Further, a plaintiff must have standing to assert a claim, which requires an injury in fact caused by defendant(s) that may be redressed in court. Harrison v. Kernan, 971 F.3d 1069, 1073 (9th Cir. 2020). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998); Hagans v. Lavine, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction). A claim is legally frivolous when it

---

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Id. at 327; Rule 12(h)(3).

**Analysis**

Plaintiff's complaint is incoherent and does not assert any plausible facts or legal claims.  The first page of the complaint contains a screenshot of a web browser.  (ECF No. 1 at 2.)  The remaining three pages of the complaint consist entirely of nonsensical phrases.  (Id. at 2-6.)  The complaint begins, "I had call numerous.  I call never remove the hold.  I see you in court and appear on court as visual and above and beyond and infinite bond of white diamond…"  (Id. at 2.)  The complaint continues in this manner for over three single-spaced pages without stating any facts from which the court can infer a legal claim.[3]  The undersigned therefore finds the complaint is legally frivolous and recommends dismissal.  See Neitzke, 490 U.S. at 325; Rule 12(h)(3).

Based on the contents of the complaint, it is clear that further amendment would be futile.  Therefore, the undersigned recommends that this action be dismissed with prejudice.  California Architectural Bldg. Prod., 818 F.2d at 1472 (stating futility of amendment is a valid reason to deny leave to amend).

**ORDER AND RECOMMENDATIONS**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's IFP application is GRANTED; and
2. In light of the above, all pleading, discovery, and motion practice in this action are STAYED pending resolution of these findings and recommendations.  Other than objections to the findings and recommendations or non-frivolous motions for emergency relief, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

---

[3] Plaintiff's complaint is similar to other complaints he has filed in this court, at least five of which have been deemed frivolous and dismissed without leave to amend.  See e.g., Chiu v. Trump, 22-cv-00764-KJM-AC; Chiu v. President of the United States, 22-cv-00809-TLN-DB.

Further, it is RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE;
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  May 15, 2023

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21, chiu.00096

4